Attorney I.D. 41982
MITCHELL LEE GOLDFIELD
103 Fairway Terrace
Mt. Laurel, NJ 08054
856-783-7733
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC D. BLANDING | : | Civil Action |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CASE NO.: 2:23-cv-05142-GJP** |
| | : | |
| WALMART, INC., d/b/a WALMART | : | |
| MARKETPLACE and WALMART.COM, | : | |
| UBesGoo, LTD, | : | **PLAINTIFF'S THIRD AMENDED** |
| | : | **COMPLAINT, DEMAND FOR** |
| Defendants. | : | **DISCOVERY, and DEMAND FOR** |
| | : | **JURY TRIAL** |

Plaintiff, ERIC BLANDING, residing at 700 S. 19th Street, Unit 4, City and County of

Philadelphia, Commonwealth of Pennsylvania, by way of Complaint against the Defendants,

WALMART INC., d/b/a WALMART MARKETPLACE and WALMART.COM, UBesGoo, LTD,

JOHN/JANE DOES (1-10), Fictitious Names and ABC CORPORATIONS (1-10), Fictitious Entities,

states:

### FIRST COUNT
### (Strict Liability)

1.    Plaintiff, ERIC BLANDING, is an adult individual, who resides at 700 S. 19th

Street, Unit 4, City and County of Philadelphia, Commonwealth of Pennsylvania.

2.      Defendant, WALMART, INC., d/b/a WALMART MARKETPLACE and WALMART.COM are business entities licensed to do business in the City and County of Philadelphia, Commonwealth of Pennsylvania, with an office for service of process at 702 SW 8th Street, City of Bentonville, State of Arizona.  Defendants are engaged in the manufacture, sale, distribution and wholesale marketing of consumer products.

3.      Defendant, UBesGoo, LTD, is a business entity, licensed to do business in the City and County of Philadelphia, Commonwealth of Pennsylvania, with an office for process service at 1100 Cranbury South  River Road, Monroe Twp, New Jersey.  Defendant is engaged in the manufacture, sale, distribution and wholesale marketing of consumer products.

4.      Defendants, WALMART, INC. d/b/a WALMART MARKETPLACE and WALMART.COM, and UBesGoo, LTD, sold and marketed products to consumers, including, JOHN GRAYSON.

5.      Sometime prior to June 16, 2021, JOHN GRAYSON, purchased a product from Defendants, more specifically a double drawer rolling kitchen cabinet storage cart with two stools (herein referred to as "the table and stool set").

6.      On or about June 16, 2021, the Plaintiff, ERIC BLANDING, sat on one of the subject stools, which was manufactured, sold, distributed and marketed by the Defendants, which collapsed due to the dangerous and defective condition of the product.  The Plaintiff suffered injuries caused by the broken stool requiring emergency and other medical care.

7.      The aforesaid incident resulted solely from the negligence, carelessness, recklessness and/or other tortious misconduct of the Defendants, individually and/or by and through the negligence, carelessness, recklessness and/or other tortious misconduct of their

agents, servants, workmen and/or employees, for which Defendants are vicariously liable pursuant to the doctrine of respondent superior, and by their own acts alleged herein, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff, ERIC BLANDING.

8.     At all times material and relevant hereto, Plaintiff, ERIC BLANDING, acted in a careful, cautious, reasonable and prudent matter and was free from any comparative negligence.

9.     On or about June 16, 2021, Defendants manufactured, marketed, sold and/or distributed the consumer product, table and stool set, within the City and County of Philadelphia, Commonwealth of Pennsylvania.

10.    The consumer product, table and stool set, was sold by Defendants in a defective condition and was unreasonably dangerous to users.

11.    Defendants failed to timely and adequately warn Plaintiff, ERIC BLANDING, of the dangers of the consumer product.

12.    Defendants are strictly liable to Plaintiff, ERIC BLANDING, for the injuries and damages complained of herein by reason of having sold and placed into the stream of commerce a defective product, table and stool set, which was unreasonably dangerous to users, and by failing to warn Plaintiff, ERIC BLANDING.

13.    As a direct and proximate result of the Defendants' negligence, carelessness, recklessness, and/or tortious misconduct, Plaintiff, ERIC BLANDING, has suffered various and diverse personal injuries, some or all of which are or may be serious and permanent, both of an internal and external nature and of both a permanent and temporary nature, and which have and will have a serious, severe and significant impact on his life and permanent injuries based upon a reasonable degree of medical probability, including, but not limited to, injuries to his neck,

shoulders, back, rectum, bladder and severe emotional distress and other related psychological, mental and physical injuries and various other ills and injuries, the exact extent of which are presently unknown.  Some or all of Plaintiff's injuries and/or damages are and/or may be serious, severe and/or permanent in nature.

14.    As a further direct and proximate result of the aforesaid negligence, carelessness, recklessness, and/or tortious misconduct of the Defendants, and the resulting injuries and/or damages sustained by the Plaintiff, Plaintiff, ERIC BLANDING, has incurred and may, and probably will for an indefinite time in the future, continue to incur various expenses for medicines, medical aids, medical care and/or similar medical and/or medically related instrumentalities and modalities, in and about an effort to cure himself of said injuries, which expenses or losses do or may exceed amounts that he may otherwise be entitled to recover including, but not limited to, all medical expenses resulting from the aforesaid incident.

15.    As a further direct and proximate result of the Defendants' negligence, carelessness, recklessness, and/or tortious misconduct, and the resulting injuries and/or damages sustained by the Plaintiff, Plaintiff, ERIC BLANDING, has been and probably will in the future, continue to be deprived of the ordinary pleasures of life, including, but not limited to, being prevented from attending to his usual activities, duties, leisure pursuits, occupations, and avocations, all to his great detriment and loss and he has suffered, continue to suffer and may in the future continue to suffer a severe impact of his earnings and earning capacity and upon the quality of his life, and the loss of the enjoyment of his life.

16.    As a further direct and proximate result of the above-described negligence, carelessness, recklessness, and/or tortious misconduct of the Defendants, and the resulting

injuries and/or damages sustained by the Plaintiff, Plaintiff, ERIC BLANDING, has suffered and/or suffers and/or continue to suffer severe physical pain, mental anguish, emotional distress, pain, suffering, inconvenience, disfigurement, embarrassment and/or humiliation, and he may continue to suffer same for an indefinite time in the future.

17.     As a further direct result of Defendants' negligence, carelessness, recklessness, and/or tortious misconduct and the resulting injuries sustained by the Plaintiff, Plaintiff, ERIC BLANDING, has or may hereafter incur other financial losses or expenses which do or may exceed amounts which he may otherwise be entitled to recover, all to his great detriment and loss.

**WHEREFORE**, Plaintiff, ERIC BLANDING, demands judgment against all Defendants, and each of them either individually, jointly, severally and/or in the alternative, for compensatory and punitive damages, attorneys' fees, treble damages, and costs of suit, together with such other and further relief as this Court deems proper.

## SECOND COUNT
### (Negligence)

1.     Plaintiff, ERIC BLANDING, hereby repeats each and every allegation of the First Count as if same were more fully set forth herein at length and verbatim.

2.     Sometime prior to June 16, 2021, JOHN GRAYSON, purchased a product from Defendants, more specifically a double drawer rolling kitchen cabinet storage cart with two stools (herein referred to as "the table and stool set").  (See Exhibit "A").

3.     On or about June 16, 2021, the Plaintiff, ERIC BLANDING, sat on one of the subject stools, which was manufactured, sold, distributed and marketed by the Defendants, which

collapsed due to the dangerous and defective condition of the product. The seat to the stool detached from the legs as the screws that secured the legs to the seat, stripped. The Plaintiff suffered injuries caused by the broken stool requiring emergency and other medical care.

4.    At the aforesaid time and place, the Defendants were the manufacturer, seller, retailer and/or distributor of the subject stools in question.

5.    At the aforesaid time and place, the Plaintiff, ERIC BLANDING, did cause to be severely injured as a result of said stool being negligent manufactured and/or defective. Said stool did cause to break as a result of Defendants' conduct and creation of a defective product.

6.    At the aforesaid time and place, the plaintiff, ERIC BLANDING did cause to be injured from the stool which broke, due to the defective product created and placed into the stream of commerce by Defendants.

7.    The Defendants are liable in that they manufactured, designed, distributed, sold and otherwise bear responsibility for having placed into the market place defective stools.

8.    The Defendants were liable in that:

    (a)    they failed to make a safe product;

    (b)    did not exercise proper care in the creation of said stool;

    (c)    caused a dangerous and hazardous condition to exist; i.e stools which could and did have potential for harming the public;

    (d)    failed to properly safeguard and/or warn of its properties defects;

    (e)    failed to provide proper and safe stools to the general public;

    (f)    knew and/or should have known that their stools were unsafe prior to the date of the plaintiff's accident and failed to warn the general public of said

stools and/or ;

(g)     failed to use reasonable care to correct unsafe condition and/or warn the Plaintiff, ERIC BLANDING of same;

(h)     knew and/or should have known that their stools were dangerous and possessed a potential harm to the general public;

(i)     that despite the fact that the stools were harmful, inappropriately designed/manufactured and represented a harm to the general public they still put same into the stream of commerce;

(j)     The subject stools were improperly designed with a bracketing system which was not designed to hold appropriate weight;

(k)     The subject stools were improperly designed, in that these stools, where the holes attaching the legs to the seat of the stool, were not drilled deep enough, resulting in its instability;

(l)     The subject stools' bracketing system were improperly designed with screws that were not thick or long enough to maintain the bracketing system so that the seat of the stool would not detach from the legs;

(m)     The subject stools were inappropriately designed where it utilized a bracketing system as opposed to a one piece design, which would have avoided the screws from detaching from the seat resulting in the collapse of the stool;

(n)     Failed to design the stool with a socket joint system, which would have avoided the need for screws and brackets, with a propensity of the seat to detach from the legs;

(o)     Failed to design a stool with an interlocking system; and

(p)     Was otherwise liable to Plaintiff.

9.     Defendants could have produced a feasible alternative design for the product which would have been safer than the design of the subject table and stool set.

10.     Said accident was caused by the conduct of all the Defendants, individually, jointly, severally and in the alternative.

11.     The liability of each of the Defendants is as a result of its individual acts and on the basis of respondent superior and/or otherwise responsible under the law.

12.     As a direct and proximate result of the negligence of the Defendants, the Plaintiff, ERIC BLANDING, has incurred, is incurring and shall incur consequential, significant and permanent personal injuries, medical expenses, various costs and expenses, emotional distress and other damages, and pain and suffering.

13.     In addition, the Plaintiff, ERIC BLANDING, has and shall be restricted and prevented from pursuing his usual activities, occupations, leisure pursuits, occupations, and avocations.

**WHEREFORE**, Plaintiff, ERIC BLANDING, demands judgment against all Defendants, and each of them either individually, jointly, severally and/or in the alternative, for compensatory and punitive damages, attorneys' fees, treble damages, and costs of suit, together with such other and further relief as this Court deems proper.

<u>**THIRD COUNT**</u>
**(Failure to Test/Warn)**

1.     Plaintiff, ERIC BLANDING, hereby incorporates by reference thereto the facts and allegations set forth in  the First and Second Counts of this Complaint as if same were more fully set forth at length and verbatim herein.

2.     Defendants did not perform appropriate laboratory tests prior to marketing, distributing and selling the consumer product, table and stool set, prior to the period June 16,

2021.

3.      Defendants failed to give Plaintiff, ERIC BLANDING, and other users of the consumer product, table and stool set, adequate warning of the nature and extent of the damages resulting from the use of the product.

4.      The failure of the Defendants to perform adequate testing and to give the appropriate information, warnings and directions was a direct and proximate cause of injuries and damages of Plaintiff, ERIC BLANDING.

5.      As a direct and proximate result of the Defendants' negligence, carelessness recklessness, and/or tortious misconduct, Plaintiff, ERIC BLANDING, has suffered various and diverse personal injuries, some or all of which are or may be serious and permanent, both of an internal and external nature and of both a permanent and temporary nature, and which have and will have a serious, severe and significant impact on his life and permanent injuries based upon a reasonable degree of medical probability, including, but not limited to, injuries to his neck, shoulders, back, rectum, bladder and severe emotional distress and other related psychological, mental and physical injuries and various other ills and injuries, the exact extent of which are presently unknown.  Some or all of Plaintiff's injuries and/or damages are and/or may be serious, severe and/or permanent in nature.

6.      As a further direct and proximate result of the aforesaid negligence, carelessness, recklessness and/or tortious misconduct of the Defendants, and the resulting injuries and/or damages sustained by the Plaintiff, Plaintiff, ERIC BLANDING, has incurred and may, and probably will for an indefinite time in the future, continue to incur various expenses for

medicines, medical aids, medical care and/or similar medical and/or medically related instrumentalities and modalities, in and about an effort to cure himself of said injuries, which expenses or losses do or may exceed amounts that he may otherwise be entitled to recover including, but not limited to, all medical expenses resulting from the aforesaid incident.

7.      As a further direct and proximate result of the Defendants' negligence, carelessness, recklessness and /or tortious misconduct, and the resulting injuries and/or damages sustained by the Plaintiff, Plaintiff, ERIC BLANDING, has been and probably will in the future, continue to be deprived of the ordinary pleasures of life, including, but not limited to, being prevented from attending to his usual activities, duties, leisure pursuits, occupations, and avocations, all to his great detriment and loss and he has suffered, continue to suffer and may in the future continue to suffer a severe impact of his earnings and earning capacity and upon the quality of his life, and the loss of the enjoyment of his life.

8.      As a further direct and proximate result of the above-described negligence, carelessness, recklessness and/or tortious misconduct of the Defendants, and the resulting injuries and/or damages sustained by the Plaintiff, Plaintiff, ERIC BLANDING, has suffered and/or suffers and/or continue to suffer severe physical pain, mental anguish, emotional distress, pain, suffering, inconvenience, disfigurement, embarrassment and/or humiliation, and he may continue to suffer same for an indefinite time in the future.

9.      As a further direct result of Defendants' negligence, and the resulting injuries and/or damages sustained by the Plaintiff, Plaintiff, ERIC BLANDING, has or may hereafter incur other financial losses or expenses which do or may exceed amounts which he may

otherwise be entitled to recover, all to his great detriment and loss.

      **WHEREFORE**, Plaintiff, ERIC BLANDING, demands judgment against all Defendants, and each of them either individually, jointly, severally and/or in the alternative, for compensatory and punitive damages, attorneys' fees, treble damages, and costs of suit, together with such other and further relief as this Court deems proper.

**FOURTH COUNT**
**(Breach of Warranty)**

      1.    Plaintiff, ERIC BLANDING, hereby incorporates by reference thereto the facts and allegations set forth in the First through Third Counts of this Complaint as if same were more fully set forth at length and verbatim herein.

      2.    At all relevant times, Defendants were engaged in the business of selling the consumer product, table and stool set.

      3.    On June 16, 2021, Plaintiff, ERIC BLANDING, used the consumer product, table and stool set, that caused the Plaintiff, ERIC BLANDING, to suffer severe and permanent physical injuries and disability.

      4.    Defendants, by and through the agents, servants and/or employees, expressly and impliedly represented to Plaintiff, ERIC BLANDING, that the consumer product, table and stool set, was safe and proper for its intended use and purpose, and guaranteed to the ultimate consumer or user that it was of merchantable quality.

      5.    The consumer product, table and stool set, failed to meet the warranty and guarantees provided to JOHN GRAYSON.

11

6.    Furthermore, Defendants failed to remedy the consumer product, table and stool set, causing Plaintiff, ERIC BLANDING, additional injuries.

7.    As a direct and proximate cause of the Defendants' breach of warranty, Plaintiff, ERIC BLANDING, suffered severe injuries and damages.

**WHEREFORE**, Plaintiff, ERIC BLANDING, demands judgment against all Defendants, and each of them either individually, jointly, severally and/or in the alternative, for compensatory and punitive damages, attorneys' fees, treble damages, and costs of suit, together with such other and further relief as this Court deems proper.

## FIFTH COUNT
(Negligent Design and Manufacture)

1.    Plaintiff, ERIC BLANDING, hereby incorporates by reference thereto the facts and allegations set forth in the First through Third Counts of this Complaint as if same were more fully set forth at length and verbatim herein.

2.    Defendants were negligent in the designing, developing, manufacturing, marketing, and selling of the consumer product, table and stool set, which has caused Plaintiff to suffer severe injuries and damages because of Defendants' negligence.

3.    Defendants, acting through their agents, servants and/or employees, acting with in the course and scope of their employment breached their duty of reasonable care to Plaintiff, ERIC BLANDING, as follows:

(a)    Failing to design, develop, manufacture, market, sell and distribute the consumer product, table and stool set;

12

(b)    Failing to timely and adequately warn of the risks of using the consumer product, table and stool set, when Defendants knew, should have known or were reckless in not knowing, of the high failure rates of their product; and

(c)    Otherwise failing to exercise due care under the circumstances.

4.    As a direct and proximate result of Defendants' negligence, plaintiff, ERIC BLANDING was caused to suffer severe and permanent physical injuries and damage.

**WHEREFORE**, Plaintiff, ERIC BLANDING, demands judgment against all Defendants, and each of them either individually, jointly, severally and/or in the alternative, for compensatory and punitive damages, attorneys' fees, treble damages, and costs of suit, together with such other and further relief as this Court deems proper.

## SIXTH COUNT

1.    Plaintiff, ERIC BLANDING, hereby repeats each and every allegation of the First through Fifth Counts as if same were more fully set forth herein at length and verbatim.

2.    Defendants misrepresented the risks of the subject consumer product, table and stool set, in their advertising.

3.    Defendants also misrepresented the risks of the consumer product, table and stool set, to the consumers.

4.    Defendants knowingly omitted, suppressed and/or concealed information about the risks of the consumer product, table and stool set, from their marketing.

5.    Defendants knowingly misrepresented the quantity, safety and durability of the subject products.

13

**WHEREFORE**, Plaintiff, ERIC BLANDING, demands judgment against all Defendants, and each of them either individually, jointly, severally and/or in the alternative, for compensatory and punitive damages, attorneys' fees, treble damages, and costs of suit, together with such other and further relief as this Court deems proper.

_____
MITCHELL LEE GOLDFIELD, ESQUIRE
Attorney for Plaintiff

## JURY DEMAND

Plaintiff, ERIC BLANDING, hereby demands a trial by jury as to all issues so triable.

_____
MITCHELL LEE GOLDFIELD, ESQUIRE
Attorney for Plaintiff

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENT

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name

and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

_____
MITCHELL LEE GOLDFIELD, ESQUIRE
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO CIVIL PRACTICE RULE 4:5-1

Pursuant to the provisions of R.4:5-1, the undersigned hereby certifies to the best of his knowledge, information and belief that:

1.    The matter in controversy is not the subject of any other proceeding.

2.    There is no other action or arbitration contemplated.

3.    There are no other parties who should be joined in the matter in controversy.

I certify that the foregoing statements made by me are true and correct to the best of my knowledge, information and belief.

_____
MITCHELL LEE GOLDFIELD, ESQUIRE
Attorney for Plaintiff

DATED:    April 17, 2024