IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eric D. Blanding,<br><br>　　　　　*Plaintiff,*<br><br>　v.<br><br>Walmart, Inc. d/b/a Walmart Marketplace and Walmart.com, et al,<br><br>　　　　　*Defendants.* | CIVIL ACTION<br>NO. 23-5142 |

**Pappert, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 20, 2025**

### MEMORANDUM

　　Eric Blanding sued Walmart and UBesGoo in June of 2023 for injuries he allegedly suffered after a table-and-stool set collapsed underneath him. The case was removed from New Jersey state court to the United States District Court for New Jersey, and then later transferred to this Court. (ECF Nos. 1, 43.) Blanding has been given five opportunities by two federal courts to file an adequate complaint against UBesGoo and Walmart. *See* (ECF Nos. 1, 15, 24, 53, 73.)[1] After his fourth attempt, the Court permitted him to engage in jurisdictional discovery against UBesGoo and make one final attempt at an adequate complaint against the Defendants. (ECF No. 64.) Pursuant to that Order, Blanding recently filed his Fourth Amended Complaint. (ECF No. 74.) UBesGoo and Walmart each moved to dismiss for failure to state a claim, and UBesGoo also moved to dismiss for lack of personal jurisdiction. (ECF Nos. 77 and 78.) The Court grants UBesGoo's motion on jurisdictional grounds. And the Court grants

---

[1]　　Though Blanding is now proceeding *pro se*, he was counseled for the filing of all five iterations of the Complaint. *See* (Order Granting Plaintiff's Counsel's Motion to Withdraw, ECF No. 80.)

1

Walmart's motion with respect to all claims except strict products liability and breach of the implied warranty of merchantability.

I

Against UBesGoo, Blanding has added no new jurisdictional allegations, so for the same reasons previously identified in the Court's July 15 Memorandum, Blanding has failed to establish that the Court has personal jurisdiction over UBesGoo. *See* (ECF No. 63.) Blanding may not amend his Complaint against UBesGoo in this Court, but those claims are dismissed without prejudice to his ability to bring those claims in a court with personal jurisdiction. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132–33 (3d Cir. 2020).

II

Against Walmart, Blanding pleads enough facts with respect to strict products liability and breach of the implied warranty of merchantability to "nudge [those] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The crux of Blanding's Fourth Amended Complaint is that his friend purchased through Walmart Marketplace (an online platform where third parties list items for sale) a table-and-stool set that was designed and manufactured by UBesGoo, and that one of the stools in the set collapsed and injured Blanding when he attempted to sit on it because the screws attaching the seat to the legs were not strong enough to support the weight of an average person. (FAC First Count ¶¶ 5, 6, Second Count ¶¶ 3, 8(j)–(n).)

Those allegations are sufficient to state a plausible strict-liability claim, which has three elements: (1) the product was defective, (2) the defect existed when it left the

hands of the defendant, and (3) the defect caused the plaintiff harm. *Sikkelee v. Precision Airmotive Corp.*, 907 F.3d 701, 710 (3d Cir. 2018) (noting that Pennsylvania follows the Restatement (Second) of Torts § 402A). First, Blanding's allegation that the screws were unable to support the weight of an average person, if true, plausibly identifies a defect in the stool's design or manufacture, under either the consumer-expectations standard or the risk-utility standard. *See id.* Second, Blanding's allegations are directed at features of the screws like their length and thickness and the holes in which they were inserted, (FAC First Count ¶ 6, Second Count ¶¶ 8(k), (l)), all features that would have plausibly existed at the time the stool left Walmart's hands. Third, Blanding alleges that he was injured when the stool collapsed underneath him as a result of the seat detaching from the legs, (*id.* Second Count ¶ 3), so it's plausible that the allegedly defective screws were the cause of his injuries. Walmart erroneously argues that Blanding's failure to produce a model number or purchase receipt is fatal to the claim. *See* (Walmart Mot. to Dismiss 8–9.) Failure to produce such evidence may be dispositive at summary judgment, but at this stage Blanding must only allege enough facts to state a plausible claim for relief, which he has done.

Walmart also contends that Blanding has not plausibly alleged that it is a "seller" under Restatement § 402A but doesn't offer any real argument other than to say "[t]he question of whether Walmart's internet e-commerce website deems Walmart a § 402A 'seller' remains unsettled law and it is respectfully submitted Plaintiff cannot establish a *prima facie* claim against Walmart." (*Id.* 13–14.) Walmart is correct that there are at least two possible legal tests under Pennsylvania case law for determining whether a party's operation of an e-commerce platform renders the party a "seller" of

3

the products listed and sold by third parties. *See Oberdorf*, 818 F. App'x 138, 141–43 (3d Cir. 2020) (en banc), *certified question accepted*, 237 A.3d 394 (Pa. 2020). But Walmart has not explained which test it believes is correct, nor why Blanding's complaint fails under one or either test. And on its face, Blanding's complaint appears sufficient. Indeed, the original panel in *Oberdorf* divided over whether Amazon was a "seller" because in that case, Amazon never took possession or ownership of the product. *See Oberdorf v. Amazon.com Inc.*, 818 F. App'x at 140. But Blanding's Fourth Amended Complaint suggests that Walmart *did* take possession of the stool-and-table set. *See* (FAC Ex. A (showing stool-and-chair-set listed for sale by UBesGoo but "fulfilled by Walmart."))

In addition to the strict-products-liability claim, Blanding's claim for breach of the implied warranty of merchantability may proceed because "[t]he elements that prove a breach of the implied warranty of merchantability are essentially the same as those to recover on a strict products liability claim." *Reese v. Ford Motor Co.*, 499 F. App'x 163, 166 (3d Cir. 2012) (citing *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 94 (3d Cir. 1983)). Walmart argues only that Blanding failed to sufficiently allege a "defect" in the stool-and-chair set. *See* (Walmart Mot. to Dismiss 26–27.) But as explained, Blanding has alleged a defect. Walmart also relies on *Varner v. MHS, Ltd.*, 2 F. Supp. 3d 584, 596 (M.D. Pa. Mar. 6, 2014) for the erroneous proposition that breach-of-implied-warranty claims can rest only on a manufacturing defect and not a design defect. Not only does *Varner* conflict with the Third Circuit's admonition that the strict-liability and warranty-of-merchantability causes of action largely mirror one another, *Varner* also misreads the case it cites for this erroneous proposition. *See*

*Tatum v. Takeda Pharmaceuticals North Am., Inc.*, No. 12-cv-1114, 2012 WL 5182895, at *2–3 (E.D. Pa. Oct. 19, 2012) (holding that design defect is not a proper basis for strict liability or breach of warranty *where the product is a pharmaceutical drug*). So Blanding's claim for breach of the implied warranty of merchantability may proceed under theories of both design defect and manufacturing defect.

The remainder of Blanding's claims against Walmart remain deficient. He has not stated a negligence claim because his Fourth Amended Complaint includes no factual allegations about Walmart's conduct. *See Lance v. Wyeth*, 624 Pa. 231, 85 A.3d 434, 458 (2014) (explaining that strict-products-liability claims "focus [ ] exclusively on the product," while negligence claims "main[ly] focus [ ] on conduct"). And the rest of the claims fail for the reasons identified in the Court's July 15 Memorandum. (ECF No. 63.) The dismissal of these claims is with prejudice because a sixth bite at the apple at this late date would be inequitable. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied.").

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

5